CHICAGO, R. I. & P. RY. CO. v. GRAY et al.

No. 7826—Opinion Filed Oct. 17, 1916.

Rehearing Denied May 22, 1917.

(165 Pac. 157.)

1. Carriers—Live Stock—Notice of Loss—Validity of Provision.

Where an action is brought to recover damages upon an interstate shipment of live stock under a written contract containing the provision that, as a condition precedent to recovery of damages for any loss or injury to or detention of live stock or delay in transportation thereof, a written notice must be given of such damage to a designated representative of the carrier within a day after delivery of the stock at its destination, such provision being reasonable and valid, the failure to give such notice is a complete bar to such action.

2. Same—Notice of Loss—Compliance With Provision—Waiver.

The provision of said contract requiring notice is a condition precedent to the maintenance of an action, and must be substantially complied with by the shipper before he can maintain a cause of action against the carrier, and the carrier cannot waive the terms of the contract nor ignore those terms applicable to the conduct of the shipper, nor can the shipper hold the carrier to a different responsibility from that fixed by the contract; for a different view would antagonize the policy of the act and open the door to the very abuses which the act was aimed to prevent.

(Syllabus by Hooker, C.)

Error from County Court, Kingfisher County; R. F. Shutler, Judge.

Action by L. M. Gray and another against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiffs, and defendant brings error. Reversed.

K. W. Shartel, C. O. Blake, R. J. Roberts, W. H. Moore, and F. L. Boynton, for plaintiff in error.

W. L. Moore, for defendants in error.

Opinion by HOOKER, C. The defendants in error commenced this action on the 13th day of January, 1914, against the plaintiff in error to recover the sum of $195 damages alleged to have been suffered by them on account of the delay in the shipment of some mules from Dover, Okla., to North Ft. Worth, Tex.; and it is alleged in the bill of particulars filed in this action that on the 10th day of January, 1913, for a reasonable compensation paid to the plaintiff in error, the plaintiff in error agreed to transport from Dover, Okla., to North Ft. Worth, Tex., and there deliver to the defendants in error within a reasonable time after the receipt thereof 26 head of mules, and that 36 hours was then and is now the usual and ordinary time required for the transportation of mules as contemplated by this contract; that the plaintiff in error failed to transport said mules within that time, but, upon the contrary, unreasonably and negligently delayed the delivery of said mules until the 14th day of January, 1913, more than 72 hours after the time when said mules should have been delivered at said destination in the usual and customary course of transportation as aforesaid, and on account thereof defendants in error were damaged as alleged in the petition. It is asserted by the plaintiff in error that the defendants in error are not entitled to recover here, because the shipment in question was made in accordance with a live stock contract entered into between the company and them on the day of shipment, by the terms of which it was provided as follows:

"That as a condition precedent to claiming or recovering damages for any loss or injury to or detention of live stock, or delay in transportation thereof, covered by this contract, the second party, as soon as he discovers such loss or injury, shall promptly give notice thereof in writing to some general officer, claim agent, or station agent of the first party, or to the agent at destination or to some general officer of the delivering line, before such stock is removed from the point of shipment or from the place of destination, as the case may be, and before such stock is mingled with other stock; and such written notice shall in any event be served within one day after delivery of the stock at its destination, in order that such claim may be fully and fairly investigated. It is agreed that a failure to strictly comply with all the foregoing provisions shall be a bar to the recovery of any and all such claims."

And it is further asserted that under section 15 of said contract:

"That no suit or action against the first party for the recovery of any claim by virtue of this contract shall be sustainable in this court of law or equity, unless such suit or action be commenced within six months next after the cause of action shall occur; and should any suit or action be commenced against the first party after the expiration of six months, the lapse of time shall be constituted conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

It is admitted by the defendants in error that the only notice given by them to the plaintiff in error was mailed to the general claim agent of the company about the 24th day of January, 1913. The shipment arrived at North Ft. Worth, Tex., on January 14, 1913. This was an interstate shipment, and the rights of the parties under the contract must be construed with reference to the laws applicable thereto. It is the contention of the plaintiff in error that on account of the failure of the defendants in error to give the notice provided by this contract this suit cannot be maintained, while the defendants in error assert that on account of the company refusing to pay this claim when presented upon grounds other than the failure of the defendants in error to file the same within the time given by the contract this constitutes a waiver of the provisions of the contract, and that the company is not now entitled to rely thereon, so as to avoid liability accruing to the defendants in error by virtue of the acts complained of. This contract involved here was made under and pursuant to the Carmack Amendment to the Hepburn Act (Act Cong. June 29, 1906. c. 3591. §7, pars. 11, 12, 34 Stat. 593 [Comp. St. 1916, §§ 8604a, 8604aa]), and this contract has been held by this court, and by the

United States Supreme Court, to be supported by a valuable consideration, and the provisions thereof reasonable and binding upon the parties.

This court, in St. L. & S. F. R. R. Co. v. Wynn, 54 Okla. 482, 153 Pac. 1156, said:

"This action being based upon a contract of interstate shipment, section 9, art. 23, of the Constitution, which provides, 'Any provision of any contract or agreement express or implied, stipulating for notice or demand other than such as may be provided by law, as a condition precedent to establish any claim, demand, or liability, shall be null and void,' is without force, being abrogated under the Carmack Amendment of June 29, 1906 (34 Stat. 593, c. 3591, § 7, pars. 11 and 12 [U. S. Comp. Stat. 1913, § 8592])."

"In St. Louis & S. F. Co. v. Zickafoose, 39 Okla. 302, 135 Pac. 406, it is held: 'Under the federal law, which is controlling upon the court in determining questions of liability properly arising out of interstate shipments, a provision in a live stock contract or bill of lading to the effect that, as a condition precedent to a recovery for any damages for delay, loss, or injury to live stock covered by the contract, the shipper will give notice in writing of the claim therefor to some general officer, or the nearest station agent, or to the agent at destination, or some general officer of the delivering line, before said stock is removed from the point of shipment or the place of destination, and before such stock is mingled with other stock, such notice to be served within one day after the delivery of such stock at destination, was valid. St. Louis & S. F. R. Co. v. Ladd, 33 Okla. 160, 124 Pac. 461.'"

Likewise this court, in C., R. I. & P. R. Co. v. Craig, 59 Okla. 18, 157 Pac. 87, said:

"(1) Where an action is brought to recover damages upon an interstate shipment of live stock, under a written contract containing the provision that as a condition precedent to recovery of damages for any loss or injury to, or detention of live stock or delay in transportation thereof, a written notice must be given of such damage to a designated representative of the carrier, within one day after the delivery of the stock at its destination, such provision being reasonable and valid, the failure to give such notice is a complete bar to such action."

And in the body of the opinion in this case it is held:

"That the notice required by section 7 of the contract, hereinafter quoted, is a condition precedent to the maintenance of this action is not an open question, having been repeatedly decided by this court and the Supreme Court of the United States, that the same is reasonable and valid when applied to interstate shipments."

See authorities cited at page 88 of this opinion. For further authorities see M.;

K. & T. Ry. Co. v. Harriman, 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690; K. C. S. Ry. Co. v. Carl, 227 U. S. 639, 33 Sup. Ct. 391, 57 L. Ed. 683; Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257.

All the aforementioned authorities uniformly hold that the Carmack Amendment supersedes all state laws, and that interstate shipments be construed and controlled by the federal statutes and the construction placed upon those statutes by the federal courts, and that state statutes and provisions of the Constitutions of the states are not applicable to interstate shipments or to contracts governing them.

It is admitted here by the defendants in error that this provision of this contract is valid and enforceable, but it is asserted that the company may waive its provision, and by reason of its own act place itself in a position so that it cannot rely upon the provision of the contract as a bar to a right of recovery on behalf of the defendants in error against it. And it is claimed that the company here has waived the provision of this contract with reference to the filing of its claim for damages by receiving the claim, investigating its merits, and refusing to allow the same for other reasons than that of the claim not being filed within the time specified in the contract.

We are aware that this court has held in several cases that the provisions of this contract may be waived, but yet, since the rendition of the decisions of this court holding that the same may be waived, the Supreme Court of the United States has held adversely thereto, and, this being a construction of a contract for an interstate shipment, we must construe the same with reference to the federal statute and the constructions placed thereon by the federal court.

The Supreme Court of the United States, through Mr. Justice Hughes, in the case of G., F. & A. Ry. Co. v. Blish Milling Co., 241 U. S. 190, 36 Sup. Ct. 541, 60 L. Ed. 948, said:

"There is, however, a further and controlling consideration. We are dealing with a clause in a bill of lading issued by the initial carrier. The statute casts upon the initial carrier responsibility with respect to the entire transportation. The aim was to establish unity of responsibility, * * * and the words of the statute are comprehensive enough to embrace responsibility for all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation, which, as defined in the federal act, includes delivery. It is not to be doubted that if, in the case of an interstate shipment under a through bill of lading, the terminal carrier makes a misdelivery, the initial carrier is liable; and when it inserts in its bill of lading a provision requiring reasonable notice of claims 'in case of failure to make delivery,' the fair meaning of the stipulation is that it includes all cases of such failure, as well those due to misdelivery as those due to the loss of the goods. But the provision in question is not to be construed in one way with respect to the initial carrier, and in another with respect to the connecting or terminal carrier. As we have said, the latter takes the goods under the bill of lading issued by the initial carrier, and its obligations are measured by its terms; * * * and if the clause must be deemed to cover a case of misdelivery when the action is brought against the initial carrier, it must equally have that effect in the case of the terminal carrier, which, in the contemplation of the parties, was to make the delivery. The clause gave abundant opportunity for presenting claims, and we regard it as both applicable and valid.

"In this view it necessarily follows that the effect of the stipulation could not be escaped by the mere form of the action. The action is in trover, but, as the state court said: 'If we look beyond its technical denomination, the scope and effect of the action is nothing more than that of an action for damages against the delivering carrier.' * * * It is urged, however, that the carrier, in making the misdelivery, converted the flour and thus abandoned the contract. But the parties could not waive the terms of the contract under which the shipment was made pursuant to the federal act; nor could the carrier by its conduct give the shipper the right to ignore these terms which were applicable to that conduct, and hold the carrier to a different responsibility from that fixed by the agreement made under the published tariffs and regulations. A different view would antagonize the plain policy of the act and open the door to the very abuses at which the act was aimed. * * *"

Likewise in the Supreme Court of the United States, in the case of Phillips v. Grand Trunk Ry. Co., 236 U. S. 662, 35 Sup. Ct. 444, 59 L. Ed. 774, it is said:

"It is argued, however, that under the Conformity Act [Rev. St. U. S. § 914 (U. S. Comp. St. 1916, § 1537)] the case is to be governed by the Michigan practice, which does not permit a defendant to take advantage of the statute of limitations by a general demurrer to the declaration. But that rule does not apply to a cause of action arising under a statute which indicates its purpose to prevent suits on delayed claims, by the provision that all complaints for damages should be filed within two years, and not after. Under such a statute the lapse of time not only bars the remedy, but destroys the liability (Finn v. United States, 123 U.

S. 227, 232 [8 Sup. Ct. 82, 31 L. Ed. 128]), whether complaint is filed with the commission or suit is brought in a court of competent jurisdiction. This will more distinctly appear by considering the requirements of uniformity which in this as in so many other instances must be borne in mind in construing the Commerce Act. The obligation of the carrier to adhere to the legal rate, to refund only what is permitted by law, and to treat all shippers alike would have made it illegal for the carriers, either by silence or by express waiver, to preserve to the Phillips Company a right of action which the statute required should be asserted within a fixed period. To have one period of limitation where the complaint is filed before the commission and the varying periods of limitation of the different states where a suit was brought in a court of competent jurisdiction, or to permit a railroad company to plead the statute of limitations as against some and to waive it as against others, would be to prefer some and discriminate against others in violation of the terms of the Commerce Act, which forbids all devices by which such results may be accomplished. The prohibitions of the statute against unjust discrimination relate not only to inequality of charges and inequality of facilities, but also to the giving of preferences by means of consent judgments or the waiver of defenses open to the carrier."

We are therefore of the opinion that it was not within the power or authority of the railroad company to waive the provisions of the contract which required notice of this claim to be presented to it within the time specified therein, and in view of the fact that the contract itself provides that failure of the defendants in error to comply therewith shall be a bar to their right of recovery herein.

This action was not instituted until the expiration of one year from the date of the delivery of the mules in question at North Ft. Worth, Tex., and therefore the provision of section 15 of the contract which provides the time within which actions of this character might be instituted was not complied with.

We are therefore of the opinion that the defendants in error were not entitled to maintain this cause of action by reason of the failure to give notice as provided in section 7 of the contract, and that the contractual limitation relied upon by the plaintiff in error here as set forth in section 15 of the contract is a complete bar to the right of recovery in this case.

The judgment of the lower court is therefore reversed.

By the Court: It is so ordered.