## ST. LOUIS & S. F. R. CO. v. LADD.

No. 4981—Opinion Filed June 12, 1917.

Rehearing Denied Feb. 4, 1919.

(178 Pac. 125.).

(Syllabus.)

1. **Courts—Jurisdiction of County Court— Amount—Interest.**

Under section 12 of article 7 of the Constitution, providing that the county court, coextensive with the county, shall have original jurisdiction in all the probate matters, and until otherwise provided by law shall have concurrent jurisdiction with the district court in civil cases in any amount not exceeding $1,000, exclusive of interest, held, in an action to recover damages for the negligent delay in a shipment of live stock, resulting in a loss by shrinkage and a decline in the market, that interest on the damages sustained should be excluded in determining the maximum jurisdictional amount for which the action may be brought in the county court.

2. **Carriers—Delay in Carriage of Live Stock — Common-Law Liability — Special Contract — Carmack Amendment.** ,

The Carmack Amendment (U. S. Comp. St. §§ 8604a, 8604aa) does not take away the right of the shipper to maintain an action on the common-law liability of the carrier for the negligent delay in the shipment of live stock resulting in loss by shrinkage and a decline in the market, although the same be an interstate shipment. However, as to interstate shipments, the common-law liability of the carrier for safe carriage of property may be limited by a special contract with the shipper, where such contract, being supported by a consideration, is reasonable and fairly entered into by the shipper, and does not attempt to cover losses caused by the negligence or misconduct of the carrier.

3. **Same—Live Stock Contract—Notice of Claim.**

A provision in a live stock contract or bill of lading to the effect that as a condition precedent to a recovery for any damages by such contract, the shipper will give notice in writing of the claim therefor to some general officer or the nearest station agent of the carrier, or to the agent at destination or to some general officer of the delivering line before such stock is removed from the point of shipment or from the place of destination, and before such stock is mingled with other stock, such notice to be served within one day after the delivery of such stock at destination, is valid and must be enforced by the state courts, unless the same be waived.

4. **Same—Liability—Conditions Precedent— Waiver..**

A stipulation limiting the liability of the carrier or fixing the time and manner of giving notice or presenting claims, being a condition precedent to a right of action by the shipper, cannot be waived by the carrier.

Error from County Court, Grady County; N. M. Williams, Judge.

Action by G. W. Ladd against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and rendered.

W. F. Evans, R. A. Kleinschmidt, and Fred E. Suits, for plaintiff in error.

Riddle & Hammerly, for defendant in error.

TURNER, J. This was an action by the defendant in error, the plaintiff below, against the plaintiff in error, the defendant below, to recover damages to a shipment of cattle.

The petition contains two counts. In the first count the plaintiff seeks to recover damages in the sum of $571.32, with interest; the damages sued for growing out of a shrinkage in the weight of cattle and a decline in the market. The cattle were delivered to the defendant at Tuttle, Ind. T.. June 22, 1907, to be shipped to Kansas City, Mo. In the second count the plaintiff seeks to recover damages in the sum of $421.64, with interest: the damages sued for growing out of shrinkage in the weight of cattle and a decline in the market. The cattle were delivered to the defendant at Tuttle, Ind. T., July 27, 1907, to be shipped to Kansas City, Mo.

The action was in the form of an ordinary action at law, based upon the theory that the railway company had violated its common-law duties as a common carrier. The petition alleges in substance that the defendant wrongfully and negligently delayed the trains upon which said cattle were being hauled an unreasonable length of time, and that said cattle were on the road, standing in the cars, for about 50 hours longer than was necessary, and beyond what was a reasonable time required for transporting and delivering said cattle in Kansas City; that by reason of the negligence as aforesaid in delaying said trains an unreasonable length of time as aforesaid, said cattle were greatly injured in looks and appearance. and it caused them to be in a stale and stupid condition, and that they had lost extra flesh to

the amount of 50 pounds per head, and that there was a decline in the market, etc.

The answer of the defendant, after admitting it received the shipment of cattle alleged in substance that at said time it had two rates for the transportation of live stock, to wit, a rate at carrier's risk and a reduced rate under a contract limiting the liability of the carrier, and that the plaintiff had the option of shipping said live stock at either of said rates; that plaintiff elected to ship said cars of cattle at the reduced rate, and requested in writing the transportation of said cattle at such reduced rate under the terms of the contract limiting the liability of the carrier. Then follow allegations setting up noncompliance with several of the conditions of the special contract by the plaintiff.

The amended reply of the plaintiff amounted to a general denial, and also pleaded a waiver on the part of the defendant of section 11 of said written contract.

On the trial there was a verdict for the plaintiff, upon which judgment was duly rendered, to reverse which this proceeding in error was commenced. This is the second time this case has been before this court, and a number of the propositions relied upon by the defendants were touched upon in our former opinion. St. L. & S. F. R. Co. v. Ladd, 33 Okla. 160, 124 Pac. 461.

The first contention of the defendant is that the county court had no jurisdiction to try the cause, for the reason that the amount for which this action was brought exceeds the sum of $1,000. The total amount of damages claimed in the two counts of the plaintiff's amended petition, exclusive of interest, is $992.96, but by adding interest the amount sought to be recovered exceeded $1,000.

Section 12 of article 7 of the Constitution of the state of Oklahoma provides:

"The county court, coextensive with the county, shall have original jurisdiction in all probate matters, and until otherwise provided by law, shall have concurrent jurisdiction with the district court in civil cases in any amount not exceeding $1,000, exclusive of interest."

And section 2848, Revised Laws of Oklahoma of 1910, provides:

"Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except, during such time as the debtor is prevented by law or by the act of the creditor from paying the debt."

Counsel for the defendant insists that this court, in the case of St. P. F. & M. Ins. Co. v. Peck, 40 Okla. 396, 139 Pac. 117, passed upon this question, and that the rule there announced sustains his view, but we cannot agree with this contention. The court, in that case, had under consideration the question as to whether interest should or should not be counted in determining the minimum concurrent jurisdiction of the county and district courts under the Session Laws of 1907-08; the act being as follows:

"The county court * * * shall have concurrent jurisdiction with the district court in civil cases in any amount over five hundred dollars and not exceeding one thousand dollars, exclusive of interest," etc. Laws 1907 08, c. 27, art. 1, sec. 2.

And the court held that the clause "exclusive of interest" related only to the phrase "not exceeding $1,000," and that when the principal for which the suit was brought, together with interest, amounts to more than $500, the district court had jurisdiction. In other words, under the said act, the maximum concurrent jurisdiction of the county and district courts is $1,000, exclusive of interest, but that minimum concurrent jurisdiction, to wit, "over $500," can be made up of principal and interest. But it was not necessary for the court in that case to pass upon the question whether, in determining the maximum jurisdictional amount of the county court under a state of facts similar to those involved in the instant case, the interest should be included or excluded. See, also, Thompson v. De Long, 40 Okla. 718, 140 Pac. 421.

However, we think there can be no well-founded contention that the interest should be excluded in determining the maximum jurisdictional amount of the county court, for the statute authorizes the collection of interest, eo nomine on the damages sustained, and the Constitution expressly excludes interest in determining the maximum jurisdictional amount for which action may be brought in the county court. This court reached the same conclusion in the case of St. L. & S. F. R. Co. v. Wynn, 54 Okla. 482, 153 Pac. 1156, in an opinion rendered December 21, 1915.

It is insisted by the defendant that inasmuch as this was an interstate shipment, governed by the act of Congress known as the Carmack Amendment of June 29, 1906 (34 Stat. 584, 595, c. 3591, sec. 7, pars. 11, 12) to the Interstate Commerce Act of Febru-

ary 4, 1887 (24 Stat. L. 379, 386, c. 104, sec. 20 [U. S. Comp. St. Secs. 8604a, 8604aa]), the plaintiff cannot bring suit upon the common-law liability of the defendant. Counsel for both parties have devoted a great deal of time to the consideration of this proposition in their oral argument and their printed briefs, and notwithstanding that this court, in a number of decisions, has held adversely to the contention of the defendant, we have very carefully reviewed the former decisions of this court pertaining to this phase of the case, together with a number of additional authorities.

The principal case upon this proposition is that of Adams Express Co. v. Croninger, 226 U. S. 491; 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S) 257. The Supreme Court of the United States in this case had under consideration the meaning of section 20 of the said Carmack Amendment, especially the following provision thereof:

"Provided, that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law." (Emphasis ours.)

There seems to be a wide difference between counsel as to the construction placed upon the above provision by the United States Supreme Court in this case; but we think this provision reserved to the holder of the receipt or bill of lading all common-law and statutory remedies which he had at the time of the enactment of the said Carmack Amendment, which were not inconsistent with the provisions thereof, and we believe that this is the construction that the Supreme Court of the United States intended to give the provision in the Croninger Case. At the time of the enactment of the Carmack Amendment, the federal courts recognized the right to sue upon the common-law liability, and they have recognized that right since the date of the enactment of the Carmack Amendment.

In the case of Southern Pac. R. Co. v Annett et al , 50 C. C. A. 17, 111 Fed. 849, the court said:

"A special contract exacted by a carrier is a defensive weapon to be used by the carrier when sued by the shipper for an alleged violation of a duty against which it was designed to afford protection and a shipper suing to recover damages for negligence on account of which the carrier is liable notwithstanding the contract, is not required to declare upon said contract."

Again quoting from the same case:

"The action was brought by the plaintiffs, * * * the complaint alleged certain specific violations of duty on the part of the carrier by reason whereof the plaintiffs had sustained damages; the defendant answered pleading the execution of a special contract and such immunities from its common-law obligations as it had thereby secured. * * * The point under consideration was not only not made below, but, if it had been, we are aware of no rule of law which requires a shipper who has made a special contract to declare upon it, when he contends that the carrier had been guilty of some neglect of duty on account of which he is liable notwithstanding the provisions of the contract."

In the case of Southern Ry. Co. v. Mooresville Cotton Mills, 109 C. C. A. 390, 187 Fed. 72, which was decided after the said Carmack Amendment became a law, we find the following statement of law in the first paragraph of the syllabus:

"In an action against a railroad company to recover damages for loss and injury to property in its shipment, based on its common-law liability as a common carrier, (Emphasis ours), it cannot defend on the ground that plaintiff failed to give notice of a loss within a reasonable time unless such defense is specifically pleaded."

And in the course of the opinion the court said:

"In view of the pleadings and evidence, the question cannot be raised as to whether, after having declared the stipulation relied upon by the defendant to be void, it was within the power of the court to find as a fact that the claims were not preferred within a reasonable time. As to whether notice of the claims by the plaintiff were preferred within a reasonable time was a question of fact to be determined by the jury, and furthermore there was nothing in the pleadings which raised this question and upon which an issue could have been submitted, nor was there sufficient evidence to support this finding of fact. This being an action based upon the common-law liability of the defendant, and if the defendant relied upon the defense that the claims were not preferred within a reasonable length of time, it was incumbent upon it, if it desired to avail itself of such defense, to have specifically pleaded the same."

Consequently we believe that under any reasonable construction that may be placed upon said Carmack Amendment the plaintiff has the right to maintain this action. St. L. & S. F. R. Co. v. Cox et al., 40 Okla. 258, 138 Pac. 144; St. L. & S. F. R. Co. v. Peery, 40 Okla. 432, 138 Pac. 1027; St. L. & S. F. R. Co. v. Bilby, 35 Okla. 589, 130 Pac. 1089; S. P. R. R. Co. v. Crenshaw Bros., 5 Ga. App. 675, 63 S. E. 865.

The principal defense of the defendant is based upon section 11 of the contract; said section 11 being as follows:

"That, as a condition precedent to a recovery for any damages or delay, loss or injury to live stock covered by this contract, the second party will give notice in writing of the claim therefor to some general officer or the nearest station agent of the first party, or to the agent at destination, or some general officer of the delivering line before such stock is removed from the point of shipment or from the place of destination, and before such stock is mingled with other stock, such written notification to be served within one day after the delivery of such stock at destination, to the end that such claim shall be fully and fairly investigated, and that a failure to fully comply with the provisions of this clause shall be a bar to the recovery of any and all such claims"

It is admitted that the plaintiff did not comply with this provision of the contract, but he relies upon a waiver of this provision by the defendant. Can the provision be waived? Upon this point this case is ruled by St. L. & S. F. R. Co. v. Sparks et al., 72 Okla. ——, 178 Pac. 90, and C., R. I. & P. R. Co. v. Gray, 65 Okla. 181, 165 Pac. 157, in which we held that, for the reason that such notice is a condition precedent to a right of action by the shipper, the same cannot be waived by the carrier.

We are therefore of opinion that the judgment of the trial court should be reversed and rendered. It is so ordered.

All the Justices concur.