## ST. LOUIS & S. F. R. CO. v. SPARKS et al.

No. 5017—Opinion Filed June 12, 1917.

Rehearing Denied Feb. 4, 1919.

(178 Pac. 90.)

(Syllabus.)

### Carriers—Live Stock—Notice of Loss—Validity—Waiver.

(The syllabus in the case of Chicago, R. I. & P. Ry. Co. v. Gray et al., 65 Okla. 181, 165 Pac. 157, is made the syllabus in this case.)

Error from County Court, Grady County: N. M. Williams, Judge.

Action by one Sparks and others against the St. Louis & San Francisco Railroad Company. Verdict and judgment for plaintiffs, and defendant brings error. Reversed.

W. F. Evans, R. A. Kleinschmidt, and Fred E. Suits, for plaintiff in error.

Riddle & Hammerly, for defendants in error.

TURNER, J. This was an action by the defendants in error, plaintiffs below, against the plaintiff in error, defendant below, to recover damages to a shipment of cattle.

The action was in the form of an ordinary action at law, based upon the common-law liability of the defendant. It was alleged in the plaintiffs' petition that they delivered 123 head of cattle to the defendant at Amber, Ind. T., on the 6th day of July, 1907, to be transported over its line of railroad to Kansas City, Mo., and that by reason of the carelessness and negligence of the defendant, its agents, servants, and employes, the train upon which said cattle were being hauled was delayed an unreasonable length cf time, to wit, 50 hours, by reason of which the plaintiffs were damaged in the sum of $733.-11, etc.

The defendant answered the petition, alleging that the shipment moved under a special contract, and pleaded that a certain condition of the contract had not been complied with, in that notice of loss and damages sustained by the plaintiffs was not given within the time required by the contract. The plaintiffs filed a reply to the answer of the defendant, setting up a waiver of the notice provision of the contract on the part of the defendant. On the trial, there was a verdict for the plaintiffs for $550, upon which judgment was duly rendered, to reverse which this proceeding in error was commenced.

The court should have directed a verdict for defendant. The contract of shipment provides:

"That as a condition precedent to a recovery for any damages for delay, loss or injury to live stock covered by this contract, the second party will give notice in writing of the claim therefor to some general officer or the nearest station agent of the first party, or to the agent at destination, or some general officer of the delivery line, before such stock is removed from the point of shipment or from the place of destination, and before such stock is mingled with other stock, such written notification to be served within one day after the delivery of such stock at destination, to the end that such claim shall be fully and fairly investigated; and that a failure to fully comply with the provisions of this clause shall be a bar to the recovery of any and all such claims. * * *

"No agent of this company has any authority to waive, modify, or amend any of the provisions of this contract. * * *"

This notice was not given; but, eight days after the shipment had reached its destination, plaintiff caused written notice to be mailed to defendant; whereupon defendant replied:

"Frisco, St. Louis & San Francisco Railroad Co., Freight Claim Department.

"St. Louis, Jul. 30, 1907.

"Dear Sir: Your claim No. ——— for loss $341.79 on account of Sparks, Peery & Sacra is received and shall have attention. If necessary to communicate with us again please refer to claim No. 394 372.

"Frisco System, Freight Claim Dept.

"Yours truly,

"J. E. Leith, Freight Claim Agent."

Upon this state of facts the court sent the question of waiver of notice to the jury, which found in favor of plaintiffs. In this the court erred, for the reason that such notice is a condition precedent to a right of action by the shipper and cannot be waived by the defendant.

As this was an interstate shipment governed by the Carmack Amendment of June 29, 1906, c. 3591, § 7, pars. 11, 12, 34 Stat. 595 (U. S. Comp. St. §§ 8604a, 8604aa), this cause is ruled by Chicago, R. I. & Pac. Ry. Co. v. Gray et al., 65 Okla. 181, 165 Pac. 157. There, in the syllabus, we said:

"1. Where an action is brought to recover damages upon an interstate shipment of live stock under a written contract containing the provision that, as a condition precedent to recovery of damages for any loss or injury to or detention of live stock or delay in transportation thereof, a written notice must be given of such damage to a designated representative of the carrier within a day after delivery of the stock at its destination, such provision being reasonable and valid, the failure to give such notice is a complete bar to such action.

"2. The provision of said contract requiring notice is a condition precedent to the maintenance of an action, and must be substantially complied with by the shipper before he can maintain a cause of action against the carrier, and the carrier cannot waive the terms of the contract nor ignore those terms applicable to the conduct of the shipper, nor can the shipper hold the carrier to a different responsibility from that fixed by the contract; for a different view would antagonize the policy of the act and open the door to the very abuses which the act was aimed to prevent."

Reversed.

All the Justices concur.