## ST. LOUIS, I. M. & S. R. CO. v. PATTERSON

No. 6271.—Opinion Filed July 29, 1919.

(Syllabus by the Court)

1. **Carriers—Interstate Shipment—Law Governing.**

The rights and liabilities of the parties to an interstate railroad shipment are determined by federal legislation, by the bill of lading which is required to be issued, and by the common law rules, as accepted and applied in federal tribunals.

2. **Same.**

In cases arising in the state courts involving the rights and liabilities of the parties to an interstate railroad shipment, the decisions of the Supreme Court of the United States, construing and applying the federal laws, are controlling on the state courts.

3. **Same—Contractual Limitation of Action.**

Under the Carmack Amendment of June 29, 1906 (34. Stat. 595, c. 3591, U. S. Comp. St. Supp. 1911, p. 1307), sec. 7, pars. 11 and 12, to act of Feb. 4, 1887 (24 Stat. 386, c. 104), sec. 20 (U. S. Comp. Stat. 1916, secs. 8604a, 8604aa), a stipulation in a contract for an interstate shipment of live stock, providing that no suit or action against the carrier for loss damage or delay to the shipment shall be sustained "unless such suit or action is commenced within six months after the cause of action shall occur" is a reasonable provision, and binding upon the parties to such contract.

4. **Same—Waiver.**

Where a shipper enters into a valid contract with the carrier, for an interstate shipment of livestock, by the terms of which he agrees that no suit or action against the carrier for loss, damage, or delay to the shipment shall be sustained unless such suit or action is commenced within six months after the cause of action shall occur, the carrier cannot waive the terms of the contract, nor ignore those terms applicable to the conduct of the shipper; a different view would antagonize the plain policy of the act and open the door to the very abuses at which the act was aimed.

Error from County Court, Nowata County; Wm. F. Gilluly, Judge.

Action by Charles Patterson against the St. Louis, Iron Mountain & Southern Railway Company. Judgment for plaintiff and defendant brings error. Reversed.

Former opinion, published in 177 Pac. 898, withdrawn.

Thos. B. Pryor and W. L. Curtis, for plaintiff in error.

Johnson & Raymond, W. D. Humphrey, and Alvah C. Hough, for defendant in error.

SHARP, J. This case presents error from the county court of Nowata county, and involves the question of the plaintiff's right to maintain an action to recover damages on account of the alleged negligent acts of the carrier in the transportation and delivery of an interstate shipment of horses and mules. The action was commenced by Charles Patterson, hereinafter styled plaintiff, against the St. Louis, Iron Mountain & Southern Railway Company, hereinafter styled defendant, to recover under the terms of a certain written contract or bill of lading, whereby defendant, in consideration of the sum of $47.00, undertook and agreed to safely carry the said horses and mules from Nowata, Okla., to Springfield, Mo. The record discloses that, owing to a wreck and delay in the shipment caused thereby, some of the stock were injured, whereby plaintiff was damaged. The contract conformed to

the published tariff, the specified rate selected by the shipper being less than that applying to shipments at the carrier's risk. the shipper expressly accepting and agreeing to all the stipulations and conditions therein. The eleventh paragraph of the shipping contract provided as follows:

"Eleventh. That no suit or action against the first party for loss, damage or delay to or of the live stock shipped under this contract shall be sustainable in any court of law or equity, unless such suit or action is commenced within six mnoths after the cause of action shall occur; and should any suit or action be commenced against the first party after the expiration of six months, the lapse of time shall be constituted conclusive evidence against the validity of such claim, any statute of limitation to the contrary, notwithstanding."

The cause of action accrued March 12th, 1912, and the action was commenced June 6th, 1913, some fifteen months later. Respecting the time within which action should be brought, plaintiff's contention was that by reason of certain correspondence entered into between the parties, by which they were attempting to effect a settlement, the defendant waived the right to insist that the action must be brought within the time set forth in the bill of lading. The trial court instructed the jury: "This action is brought within due time, and is properly maintainable by the plaintiff at this time." On review this court, in a former opinion published in 177 Pac. 898, reversed and remanded the case with instructions that the question whether or not there was a waiver of the defense afforded by the eleventh paragraph, as contended for by plaintiff, was a matter of inference, deducible from defendant's course of conduct as shown by its correspondence, and therefore one of fact that should have been left to the jury with proper instructions. This was error.

The validity of the limitation upon the defendant's liability imposed by the eleventh paragraph of the bill of lading herein, having reference to an interstate shipment, is a federal question, to be determined by the common law, and, as such, is withdrawn from the field of state law or legislation. This is the result of the passage by congress of an act known as the Carmack Amendment of June 29th, 1906 (34 Stat. 595. c. 3591. U. S. Comp. St. Supp. 1911, p. 1307) sec. 7, pars. 11 and 12, to the act of February 4, 1887 (24 Stat. 386, c. 104), sec. 20 (U. S. Comp. St. 1916, secs. 8604a, 8604aa). This provision covers the entire field of interstate shipments and supersedes all state laws on the subject. and the exercise of the state's police power in regulating the subject. Interstate shipments are entirely controlled by the provisions of this statute, by the bill of lading which it requires to be issued, and by the common-law rules as accepted and applied in federal tribunals, without regard to the rules of the state courts theretofore prevailing. Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314; Kansas City Southern R. Co. v. Carl, 227 U. S. 639. 33 Sup. Ct. 391, 57 L. Ed. 683; M., K. & T. R. Co. v. Harriman, 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690.

There is nothing in the Carmack Amendment which forbids the parties to an interstate shipment from providing for a shorter period of limitation, in which the shipper may bring an action for loss sustained, than is provided by the state statute, provided the time is not unreasonably short. M., K. & T. R. Co. v. Harriman, supra. This decision has been cited and followed by this court in the following cases: St. Louis & S. F. R. Co. v. Pickens, 51 Okla. 455, 151 Pac. 1055; Chicago, R. I. & P. R. Co. v. Paden, 63 Oklahoma, 162 Pac. 727; St. Louis & S. F. R. Co. v. Taliaferro, 67 Oklahoma, 168 Pac. 438; and Atchison, T. & S. F. R. Co. v. Cooper, 71 Oklahoma, 175 Pac. 539.

The plaintiff makes no contention that the provisions of the contract are not valid and enforceable because contrary to law, but rather contends that the company may waive these provisions, and by reason of its own act place itself in a position wherein it cannot rely on the provisions of the contract as a bar to a right of recovery; and it is the further contention of the plaintiff that, by entering into correspondence in an endeavor to effect a settlement by agreement, defendant waived the right to urge the defense raised by the eleventh paragraph of the bill of lading.

While it is true that a party may ordinarily waive a contractual, statutory, or constitutional right, it is now well settled that this general rule does not apply to defenses which a party may have under a contract of interstate shipment governed by the Carmack Amendment The primary purpose of the act is to guard against all discriminations, to allow special preferences to none, and this object can be attained only by making it impossible for the defendant to waive any rights which he may have, under and by virtue of the interstate bill of lading, as to any particular plaintiff while he retains such rights against other plaintiffs. As stated by the Supreme Court of the United States in Phillips v. Grand Trunk R. Co., 236 U. S. 662, 35 Sup. Ct. 444, 59 L. Ed. 774:

"To plead the statute of limitation as against some and to waive it as against others, would be to prefer some and discriminate against others, in violation of the terms of the Commerce Act, which forbids all devices by which such results may be accomplished. The prohibitions of the statute against unjust discrimination relate not only to inequality of charges and inequality of facilities, but also to the giving of preferences by means of consent judgments or the waiver of defenses open to the carrier."

Following the rule thus laid down with respect to the general provisions of the Commerce Act, the court, in G., F. & A. R. Co. v. Blish Milling Co., 241 U. S. 190, 36 Sup. Ct., 541, 60 L. Ed. 948, held that the same principles governed actions brought upon contracts under the provisions of the Carmack Amendment. Mr. Justice Hughes, speaking for the court, said:

"It is urged, however, that the carrier, in making the misdelivery, converted the flour and thus abandoned the contract. But the parties could not waive the terms of the contract under which the shipment was made pursuant to the federal act; nor could the carrier by its conduct give the shipper the right to ignore these terms which were applicable to that conduct, and hold the carrier to a different responsibility from that fixed by the agreement made under the published tariffs and regulations. A different view would antagonize the plain policy of the act and open the door to the very abuses at which the act was aimed."

In Chicago, R. I. & P. R. Co. v. Gray et al., 65 Oklahoma, 165 Pac. 157, the action was for damages sustained by reason of delay in the shipment of twenty-six head of mules from Dover, Okla., to North Ft. Worth, Tex. The provisions of the contract or bill of lading under which the mules were shipped were identical with those of the contract in the case at bar. Notice was not given until ten days after the shipment arrived at its destination. The action was not commenced until about one year after the cause of action accrued. Upon the claim being presented, the railroad company refused to pay the same, but upon grounds other than the defenses to which it was entitled by reason of failure to comply with the provisions of the shipping contract respecting notice and the time within which the action must be commenced. Plaintiff contended that by rejecting the claims on other grounds the defendant waived these defenses. The court, after a somewhat extended review of the authorities in which it quoted from Phillips v. Grand Trunk R. Co., and G., F. & A. R. Co. v. Blish Milling Co., supra., held that it was not within the power or authority of the railroad company to waive the provisions of the contract which required notice of the claim to be presented to it within the time specified therein, and which required that the action be brought within six months after the cause of action had accrued. The case was cited and followed in St. L. & S. F. R. Co. v. Sparks, 72 Oklahoma, 178 Pac. 90, and St. L. & S. F. R. Co. v. Ladd, 72 Oklahoma, 178 Pac. 125.

Defendant contends that the trial court further erred in admitting the correspondence had between the parties in evidence, and in instructing the jury that the defendant might have waived its right to notice within one day after the arrival of the shipment at its destination, under the provisions of the fifth paragraph of the bill of lading, and that it was a question of fact, to be determined by them from a perusal of the letters, whether or not the defendant did waive its rights under said provision. In view of our decision in regard to the time within which the action must be commenced, it is unnecessary for us to determine this question at the present time.

The trial court erred in instructing the jury that the action was brought within due time. The cause is therefore reversed.

OWEN, C. J., and KANE, HARRISON, PITCHFORD, JOHNSON, and McNEILL, JJ., concur.