TEXAS & PACIFIC RAILWAY CO. v. H. D. REEVES.

Delivered January 9, 1897.

1. Carriers—Horses Injured in Transit—Measure of Damages.

In an action for damages to horses in shipment, plaintiff testified to their market value in good condition at the place of destination; that their injuries rendered them entirely unfit for the market upon their arrival; and that he had to keep them for six weeks or two months before he could sell them at any price. Held, that this evidence was sufficient to warrant a charge submitting as the measure of damages the difference between the market value of the horses in good and in bad condition.

2. Verdict—Excessiveness—Evidence.
Where, without disregarding the evidence, the jury could not have found a less amount than they did, their verdict will not be held excessive.

APPEAL from Taylor.   Tried below before Hon. T. H. CONNER.

*B. G. Bidwell*, for appellant.

*John Bowyer*, for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The first and second questions raised by the appellant's brief were disposed of in the opinion of Chief Justice Tarleton on the former appeal.   Reeves v. Railway, 32 S. W. Rep., 920.

The next complaint is of the charge of the court upon the measure of damages, which is conceded to be correct in the abstract, but it is urged that it was inapplicable to the facts of this case.   The horses were shipped from Abilene, Texas, to Aiken, South Carolina, and were injured between Abilene and New Orleans.   Appellee testified to the market value of his horses in good condition at the place of destination, and was then permitted to state, over the objections of appellant, the highest prices he was able to get for them in a damaged condition, after a persistent effort running through several weeks, and even months.   He also testified that the injuries to the horses had the effect of rendering them entirely unfit for the market upon their arrival at Aiken, and that he had to keep them six weeks or two months before he could sell them at any price, doing all that he could in the meantime to put them in saleable condition.

It is therefore contended that there was no evidence of the market value of the horses in a damaged condition at the time of their arrival at Aiken, and hence that the charge which submitted as the measure of damages the difference between their market value in good and in bad condition was erroneous.   But we are of opinion that the facts detailed by appellee in his testimony were of themselves competent and sufficient to warrant the jury in inferring what must have been the highest market value of the horses in a damaged condition at the time they reached the place of their destination; and, without disregarding this evidence, we do not see how they could have fixed the damages at a less amount than was assessed.

It follows from this conclusion, not only that the charge complained of was not misleading and damaging, but that the amount of the verdict, also complained of, was not excessive.

The remaining contention is that the evidence failed to show that the injuries occurred on appellant's railroad, it tending to show that the damage was done between Marshall, Texas, and New Orleans, Louisiana, and mostly in Louisiana.   The contract of shipment found in the record is itself a complete answer to this contention, in that it shows on its face that appellant undertook to transport the horses in question "from

Abilene station to New Orleans station, consigned to H. D. Reeves, Aiken, South Carolina."

The judgment is therefore affirmed. *Affirmed.*

Writ of error refused.