WESTERN UNION TELEGRAPH COMPANY V. S. E. JACKSON.

Decided June 15, 1898.

**1. Telegraph Company—Notice of Claim.**

Where plaintiff's petition for recovery for failure to deliver a telegram did not plead a contract which required notice of his claim for damages to be given within ninety days, it was immaterial whether the notice alleged in the ·petition was sufficient to comply with the contract.

**2. Same—Burden of Proof—Suit as Notice.**

The burden of proving failure to comply with a contract requiring the addressee of a telegram to give notice of his claim for damages was upon the defendant company; and, where it was not shown that no other notice was given, it was not material whether bringing suit within the time limited and service of a citation in which names of plaintiff and defendant were reversed was a sufficient compliance.

**3. Telegraph Company—Delivery—Message Addressed in Care of Third Party.**

Though the message to plaintiff was addressed to the care of a third party, who was out of town, the telegraph company was not excused thereby from reasonable diligence to make personal delivery to the plaintiff.

**4. Telegram—Assumed Name—Cross-Examination.**

Where in order to excuse nondelivery of telegram it was shown that, at the time the message was sent, plaintiff and a woman not his wife were stopping at a hotel under assumed names, the defendant was not prejudiced by the failure of the court to compel plaintiff to answer, on cross-examination, questions as to his improper and illegal relations with such woman.

**5. Conclusions of Law—File Mark—Contradicting Record.**

A judgment showing that the court's conclusions of law and fact were filed at the time of its rendition and excepted to in open court will prevail over a file mark of the clerk on such document bearing date after adjournment for the term; and such conclusions will be considered as part of the record.

APPEAL from McLennan. Tried below before Hon. SAM R. SCOTT.

*Walton & Hill* and *Geo. H. Fearons,* for appellant.

*J. E. Yantis* and *R. L. Johnson,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee sued appellant for damages resulting from the failure to deliver a telegraph message announcing the serious illness of his mother, who died a few days after the message was delivered to appellant. The case was tried before the court without a jury, and judgment rendered for appellee for $1000.

There seems to be no testimony in the record supporting the finding that the plaintiff's sister Alice was insane before the mother's death, and that plaintiff's mother and sister were dependent on the charity of the neighbors, and that plaintiff was called Mr. Jackson in the defendant's office. These findings, however, are not deemed by us to be material to the rights of the parties, and they can be eliminated without affecting the result.

The other objections to the court's conclusions of fact are not well taken, and with the exceptions stated, said conclusions are adopted by this court. These, in effect, show that the telegram was sent, as alleged in plaintiff's petition; that through the negligence of the defendant's agents and employes at the delivery office, the message was not delivered until it was too late for the plaintiff to attend his mother's funeral, which he would have done if the message had been promptly delivered; and that as a result of the failure to deliver the message, he sustained actual damage to the extent found by the trial court.

Without discussing the objections in detail, we think the plaintiff's petition stated a cause of action. The plaintiff did not plead the written contract which stipulated for written notice of the plaintiff's claim to be served upon the defendant within ninety days; and therefore it is immaterial whether the notice alleged by him would have met the requirements of the contract.

Although the message was directed to the care of Senator Yantis, appellant was under obligation to make delivery to appellee, if that could have been accomplished by the exercise of reasonable diligence. Tel. Co. v. Houghton, 82 Texas, 562.

No error was committed in not sustaining the special defense founded upon the contract, requiring appellee to give written notice of his claim within ninety days. The original petition was filed and citation served within ninety days, and appellee filed an amended answer alleging these facts, which he also proved. Whether or not this was a sufficient compliance with the contract need not be decided, because the burden of proof upon that issue rested upon appellant, and it was not shown that other and sufficient notice was not given in the manner authorized by statute. Railway v. Hays, 35 S. W. Rep., 476.

We have considered all the objections urged by appellant to the ruling of the court concerning the admissibility of testimony, and conclude that no reversible error is shown. The plaintiff had already admitted that the woman who was with him and passed as his wife was not in fact his wife; and we do not think, if the court had compelled him to answer the question referred to in the twelfth assignment of error, that proof of his improper and illegal relations with the woman referred to would have been established any clearer than they were by the facts which he had already stated, and the inference which the court had a right to draw from his refusal to answer the question.

The trial court's conclusions of fact and law are marked filed five days after the court adjourned for the term; and it is contended that they should not be considered, and error is assigned upon the alleged failure of the court to file such conclusions before the court adjourned.

If it be conceded that the conclusions of fact and law could not be properly filed after the court adjourned for the term, still, no ground for reversal is shown. The concluding part of the judgment is in these words: "Thereupon, on the request of defendant, the court filed his conclusions of law and facts, and the same having been done, the defendant

in open court excepts." The judgment was rendered on the 28th day of October, 1897, which was three days before the court adjourned, and the solemn declaration made by the court and incorporated in the judgment to the effect that the conclusions of law and fact were then filed, should override and control the file mark indorsed upon the findings by the clerk. It appearing, therefore, that the conclusions of law and fact were filed before the court adjourned, the assignment complaining of the action of the court in not filing them during the term will be overruled.

Though we have not discussed them all in this opinion, we have considered all the questions presented in appellant's brief, and finding no reversible error, the judgment will be affirmed.

*Affirmed.*

Writ of error refused.