### St. Louis Southwestern Railway Company of Texas v. S. T. Johnson.

#### Decided February 17, 1905.

**1.—Injury to Wife—Measure of Damages—Loss of Time—Capacity to Labor.**

In an action to recover for personal injuries sustained by plaintiff's wife, a charge was erroneous which allowed compensation for loss of time and impairment of her capacity to labor in the future, without evidence as to the value of the time lost, and some evidence to show the condition of life, health, habit as to doing household work, and the value of the services of a wife in a home.

**2.—Railway Crossings—Restoring to Former Condition—Maintenance—Degree of Care.**

It is the absolute duty of a railway to restore the crossing of a public highway disturbed by the construction of its road to its former condition, or to such condition as not to unnecessarily impair its usefulness, but in maintaining the crossing it is required to use only reasonable care.

**3.—Injury at Crossing—Proximate Cause.**

Where the action was for injuries sustained by plaintiff's wife by the overturning of her buggy, due to the defective condition of defendant's track at a public crossing, and the evidence tended to show that the accident was proximately caused by the horse becoming frightened and running away, defendant was entitled to have this defense affirmatively submitted to the jury.

Appeal from the District Court of Smith.  Tried below before Hon. R. W. Simpson.

*E. B. Perkins, Marsh & McIlwaine* and *N. A. Gentry,* for appellant.—
1.  In the absence of any testimony as to the value of the time lost by plaintiff's wife, it was error for the court to instruct the jury that, in estimating the damages to which plaintiff was entitled, they might consider the time lost by the wife in consequence of the injuries received by her.  Railway v. Branch, 56 S. W. Rep., 542; Railway v. Simcock, 81 Texas, 503; Davis v. Railway, 42 S. W. Rep., 1008; Railway v. Bingham, 30 S. W. Rep., 254.

2.  The evidence failing to show that the road in question was a public highway or even established at the time of the construction of the railway

line, it was not the absolute duty of appellant "to place and keep the crossing in proper condition." 'Railway v. Belt, 24 Texas Civ. App., 281.

3.   The evidence showing that the proximate cause of Mrs. Johnson's injury was her horse becoming frightened at an unusual object near the roadside and the consequent manner in which she approached and went upon the crossing and not the condition of the crossing itself, the jury should have been instructed upon the phase of the case so raised.   Neely v. Railway, 72 S. W. Rep., 159; Railway v. Neely, 60 S. W. Rep., 282; Railway v. Bingham, 38 S. W. Rep., 163.

No briefs for appellee.

GARRETT, Chief Justice.—This action was brought in the District Court of Smith County by S. T. Johnson against the St. Louis Southwestern Railway Company of Texas to recover of the defendant damages for personal injuries sustained by the wife of the plaintiff by the overturning of a buggy in which she was riding while crossing the track of the defendant on a public road leading into the city of Tyler.   It was alleged that the accident was caused by the defective and negligent manner in which the crossing was maintained.   The defendant answered by general denial and a plea of contributory negligence.   The case was tried by jury and resulted in a verdict and judgment in favor of the plaintiff for the sum of $500.

The judgment of the court below must be reversed for error in the charge to the jury.   In the first assignment of error the following part of the charge instructing the jury with reference to the assessment of damages is complained of, to wit:   "If you find for plaintiff you will take into consideration the character and extent of any injuries which you may find from the evidence his wife sustained as the direct and proximate results of the accident complained of; and physical pain, if any, mental anguish, if any, any loss of time and impairment of her capacity to labor and perform work in the future as the direct and proximate result of such injuries, if any, and therefore you will ascertain and determine what amount of cash money will be a fair and reasonable compensation therefor and make that sum the amount of your finding."

There being no testimony as to the value of the time lost by plaintiff's wife the court erred in instructing the jury that they might consider that element of damage in returning a verdict.   (Railway Co. v. Branch, 56 S. W. Rep., 542; International & G. N. Ry. Co. v. Simcock, 81 Texas, 503.)

It was also error to submit to the jury the consideration of the amount of loss or damage sustained by reason of impairment of power to labor or perform work in the future in the absence of evidence from which they could ascertain it.   The services of a wife are not capable of estimation in the same manner as those of a hired person, and their value is left very largely to the discretion of the jury.   (Houston & T. C. Ry. Co. v. Harris, 70 S. W. Rep., 335; Gainesville, H. & W. Ry. Co. v. Lacy, 86 Texas, 244.)   But there must be some evidence to show the condition of life, health, habit as to doing household work, and such other circumstantial evidence as may tend to show the value of the services of a wife in a home.

It is the absolute duty of the defendant to restore the crossing of a

highway disturbed by the construction of its line of railway but in maintaining the crossing it is required to use only reasonable care and the charge complained of under the second assignment of error imposes too high a degree of care upon the defendant. (San Antonio & A. P. Ry. Co. v. Belt, 24 Texas Civ. App., 281.)

Special charge number 1 requested by the defendant presenting the facts of its defense affirmatively to the jury should have been given. The evidence raised the question of the proximate cause of the injury in tending to show that the horse might have been frightened and that it ran upon the crossing so as to turn the buggy over, without its resulting from any defect in the crossing. (Texas Pac. Ry. Co. v. Bigham, 90 Texas, 223; Neely v. Railway Co., 72 S. W. Rep., 159, 60 S. W. Rep., 282.) Further assignments addressed to the sufficiency of the facts to sustain the verdict, in view of another trial, will not be passed upon. For the reasons stated the judgment ot the court below will be reversed and the cause remanded for another trial.

*Reversed and remanded.*