POSENER v. LONG et ux.

(Court of Civil Appeals of Texas. El Paso. April 24, 1913. Rehearing Denied May 15, 1913.)

1. DAMAGES (§ 208*)—PERSONAL INJURIES—MARRIED WOMEN — DOMESTIC DUTIES — EVIDENCE.

Where, in an action for injuries to a wife, she testified that she had been unable, subsequent to the accident, to perform her housework, because she was unable to stand on one of her legs, which had been injured, and her husband testified that prior to the accident she had always done all the household labor, and while he could not fix any value for her loss of time it was nevertheless valuable to him, and that she had not been able to do any work since the accident, the court was justified in submitting to the jury the damage sustained by her inability to perform her household duties, present and future.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 54, 64, 68, 132, 144, 145, 205, 220, 533, 534; Dec. Dig. § 208.*]

2. HUSBAND AND WIFE (§ 260*)—INJURIES TO WIFE — RIGHT TO DAMAGES — COMMUNITY PROPERTY—SINGLE VERDICT.

Since the damages sustained by husband and wife for personal injuries to the wife are community property, it was no objection, in a suit by both to recover damages, that the verdict made a single allowance for both.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 912; Dec. Dig. § 260.*]

3. APPEAL AND ERROR (§ 1048*)—HARMLESS ERROR—RULINGS ON EVIDENCE.

In an action for injuries, the fact that the court allowed plaintiff to answer in the affirmative a leading question as to whether a physician still continued to see plaintiff was not ground for reversal, under Court of Appeals rule 62a (149 S. W. x), not being either calculated to cause, or to have probably caused, the rendition of an improper judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140–4145, 4151, 4158–4160; Dec. Dig. § 1048.*]

4. MUNICIPAL CORPORATIONS (§ 705*) — STREETS — AUTOMOBILE ACCIDENT — CONTRIBUTORY NEGLIGENCE.

Plaintiff walked into a city street beside a car track, waiting for an approaching car, and stood looking toward the direction from which a car would approach, when she was struck by an automobile approaching from the opposite direction, going on the wrong side of the street, in violation of a city ordinance and recognized rules of the road. Held, that plaintiff was not negligent, as a matter of law, in not having looked and listened for the approaching automobile.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. § 705.*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by Wesley A. Long and wife against Max Posener. Judgment for plaintiffs, and defendant appeals. Affirmed.

S. P. Weisiger, of El Paso, for appellant. Stanton & Weeks, of El Paso, for appellees.

HIGGINS, J. This was an action by Wesley A. Long and wife, Katie Long, against Max Posener for damages arising from personal injuries inflicted upon Katie Long by reason of a collision with an automobile driven by the defendant, Posener. At the time of the accident Mrs. Long was standing at the intersection of Myrtle avenue and Willow street, in the city of El Paso, for the purpose of taking passage on an eastbound street car. She was standing on the south side of the street car track, near the rail, and was in a proper position for taking passage upon the car. Posener was driving an automobile on Myrtle avenue, going in a westerly direction, on the left and south side of the street, and drove his automobile against the said plaintiff, causing injuries to her left side, hip, and leg, and it was also averred that her right leg was bruised and

lacerated, and that she had become a cripple for life.

We find that the said Katie Long was injured through the negligence of the appellant, without any contributory negligence on her part, and by reason of her injuries the plaintiffs have been damaged in the sum of $3,000, the amount of the judgment.

The evidence fails to disclose any injuries to the right side of the plaintiff Katie Long, and it is contended the verdict is unsupported by the evidence in this: That at the time of the accident she was standing in the street, facing in a northwesterly direction, with her right side in a northeasterly direction, from which latter direction the appellant approached her; that her injuries all appear to have been inflicted on her left side, which was in an opposite direction from that in which she was approached by appellant; and that it was therefore a physical impossibility for said injuries on the left side to have been inflicted by the automobile.

This assignment must be overruled. Appellant's contention is founded upon the false premise that the evidence discloses she was standing facing in a northwesterly direction when the automobile struck her; whereas it appears from the evidence that just before the car struck her some one shouted to her, and the jury was warranted in finding that when her attention was thus attracted to the approaching automobile she turned abruptly, and was thereby struck on her left side.

[1] The court, in his charge, instructed the jury that if they believed from the evidence Mrs. Long's ability to attend to and perform her domestic duties had been impaired in the past they might take same into consideration in determining the amount of damages which they would allow, and should they find that her ability to attend to and perform her domestic duties in the future would be impaired they might also take this into consideration as an element of damage. It is urged that the court erred in so instructing the jury, because there was no proof of any value or lost time or impaired ability to perform her duties in the past, or what reasonable expenses had been incurred or would be incurred in the future by reason of her inability to attend to her domestic duties.

Pertinent to a consideration of this assignment, we quote the following testimony:

Plaintiff Wesley A. Long testified: "She has not done her housework since she was injured. Before she was injured, she done all the work that was ever done. She was always strong; I don't think she was ever sick a day in her life; we have been married 10 years; always done her own work. I don't suppose she has hired a month's washing done out of the 10 years we have been married; she has always done it herself. I don't know how I could fix any value for her loss of time; I cannot fix any value. It is valuable to me. It is bound to be valuable to me. She has not been able to do any

work since the accident; she has not been able to do anything. The accident occurred on the 21st of July, 1911."

Mrs. Long testified: "I have not done my housework since I was injured; I have just done what I am able; I cannot do any hard work, because I ain't able to get around on my limb; I cannot stand up long, because my leg is too weak for me to stand. My leg is not strong enough to stand up on. I never had any trouble with my leg before the accident. * * * I did my own housework before the accident. My husband is a poor man; he does not own any property. He has no income outside of his wages on the T. & P."

In view of the testimony quoted, it is well settled the court did not err in submitting the elements of damage above referred to. Discussion of the question would be fruitless, and we simply refer to the authorities. See Railway Co. v. Lacy, 86 Tex. 244, 24 S. W. 269; Railway Co. v. Vance, 41 S. W. 167; Railway Co. v. Younger, 40 S. W. 424; Mabrey v. Railway Co., 92 Mo. App. 596, 69 S. W. 394; Railway Co. v. Edwards, 91 S. W. 640; Railway Co. v. Cruseturner, 98 S. W. 425; Railway Co. v. Johnson, 38 Tex. Civ. App. 322, 85 S. W. 476.

[2] Plaintiffs, in their petition, alleged the damages accruing to Katie Long to be the sum of $10,000 and to plaintiff Wesley A. Long the sum of $5,000. Allegations of loss of time, services, and impaired ability of Katie Long to perform her domestic duties were alleged in that portion of the petition relating to the damage sustained by Wesley A. Long, but in submitting the case to the jury the court authorized a recovery generally in behalf of both plaintiffs for such impaired capacity to attend to and perform domestic duties, past and future, upon the part of Mrs. Long. It is contended that the general verdict for $3,000 in favor of both plaintiffs was therefore unintelligible, not responsive to and was unsupported by the pleadings, evidence, and charge. The damages sustained by each of the parties was community property, and the contention is therefore untenable, and is overruled.

[3] While Mrs. Long was testifying upon direct examination, her counsel asked the following questions: " 'Q. How did Dr. Baird treat you?' To which question the witness started to answer as follows: 'A. Why, he came to—' when she was interrupted by counsel for plaintiffs with the following question: 'Q. Does he come to see you yet? A. Yes; he comes to see me yet.' To which question and answer counsel for defendant objected, on the ground that the question was leading and suggestive, and because said question and answer was highly prejudicial to the rights of defendant." The objections were overruled and the witness permitted to testify as above indicated, and to this action of the court error is assigned.

If it be conceded that the question was

leading and suggestive of the answer elicited, yet we do not regard the same as reversible. In our opinion it was neither calculated to cause, nor did it probably cause, the rendition of an improper judgment, and in such case it cannot be treated as reversible. Rule 62a for the government of the Courts of Civil Appeals (149 S. W. x).

[4] Under the fifth assignment it is urged that Mrs. Long, having assumed a position in a public street, used and traveled by the general public in automobiles and other vehicles, was guilty of contributory negligence in not having discovered the approach of the automobile driven by appellant and thereby avoiding injury. It is urged that the street was straight and open to view for some distance on either side of the spot occupied by Mrs. Long, and that she could have looked and listened for the approaching automobile and have discovered its approach, and in so failing to do she was guilty of contributory negligence.

It was, of course, incumbent upon Mrs. Long to exercise due care for her own safety while standing in the street waiting for the car. She seems to have been looking towards the city, from which her car would approach, and since she was standing upon the south side of the street we cannot say, as a matter of law, that she was guilty of contributory negligence in not having discovered the approach of appellant's car, which was being driven upon the wrong side of the street, considering the direction in which he was going, contrary to the ordinance of the city and to the established and recognized rules of the road.

Finding no error, the judgment of the lower court is in all respects affirmed.

McKENZIE, J., did not sit in this case.