## ST. LOUIS & S. F. R. CO. v. PICKENS.

No. 5369. Opinion Filed September 28, 1915.

(151 Pac. 1055.)

1. **CARRIERS—Freight Rates—Interstate Shipment.** Freight rates on interstate shipments are controlled by the tariffs filed with the Interstate Commerce Commission, and a contract between a shipper and a station agent for a different rate on an interstate shipment, whether it be for more or less than the rate fixed by the tariff, is void.

2. **CARRIERS—Interstate Shipment—Contract Limitations—Validity—Time for Suit.** On interstate shipments, a provision in the contract that the shipper must bring an action for any damages sustained within six months after the cause of aciton has

accrued having been held reasonable and valid, **held,** that the action must be brought within the time stipulated.

3.     **SAME—Provision for Notice—Condition Precedent.** The stipulation in a shipper's contract requiring that the shipper shall give notice of any claim for damages within 24 hours after delivery at the point. of destination having been held reasonable and valid, when applied to interstate shipments, **held,** that such notice is a condition precedent to maintenance of an action for the recovery of damages.

(Syllabus by Brett, C.)

*Error from County Court, Hughes County;*
*J. Ross Bailey, Judge.*

Action by J. J. Pickens against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed, with directions.

*W. F. Evans, R. A. Kleinschmidt,* and *E. H. Foster,* for plaintiff in error.

Opinion by BRETT, C. This action was commenced in the county court of Hughes county by the defendant in error, as plaintiff in that court, against the plaintiff in error, as defendant in that court, to recover damages alleged to have been sustained by the plaintiff . (the parties will be referred to as they appeared in the lower court) by reason of a shipment of cattle from Mansfield, La., to Holdenville, Okla., plaintiff claiming: First, that under a contract with the Kansas City Southern Railway Company at Mansfield, La., he was to pay $59.50 per car for the three cars used in shipping his cattle, while the agent of the defendant at Holdenville, Okla., collected $77.60 per car; and plaintiff claims by reason of the difference in the price per car he contracted with the agent at Mansfield, La., to pay and the price per car defendant collected, he is damaged in the sum of $54.30. In his second count plaintiff claims that some of his cattle died,

and others were damaged, by reason of the fact that defendant jammed and injured them by negligently handling the cars in which they were shipped, and also by reason of their being unnecessarily delayed in transit and improperly penned and fed.

Defendant answered by general denial, and, among other things, pleaded certain conditions in the contract of shipment, which, in consideration of a reduced freight rate, plaintiff agreed to. The only conditions pleaded important to a decision of this action are conditions No. 13 and No. 16, which are as follows:

No. 13 is:

"As a condition precedent to recovery of damages for any death, loss, injury, or delay of the live stock, the shipper shall give notice, in writing, of his claim, to some general officer of the company, or the nearest station agent, or the agent at destination, and before the live stock is mingled with other live stock, and within one day after its delivery at destination, so that the claim may be fully and fairly investigated, and a failure to comply with this condition shall be a bar to the recovery of any damages for such death, loss, injury, or delay."

And No. 16 is:

"No suit or action for the recovery of any claim for damages for death, loss, injury, or delay of the live stock shall be sustainable, unless begun within six months next after the cause of action shall accrue, and, if begun later, the lapse of time shall be conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

The defendant also in its answer denied the authority of the agent at Mansfield, La., to make a rate to the plaintiff on an interstate shipment, contrary to the published tariff on file with the Interstate Commerce Commission.

The plaintiff replied by an unverified general denial.

On the issues thus joined the cause was tried to a jury, which found for the plaintiff, and judgment was entered on their verdict, and from that judgment the defendant appeals.

The defendant in error has filed no brief; but we have examined the record, and the undisputed evidence clearly shows the freight rate per car collected by the defendant was in accord with the tariffs on file with the Interstate Commerce Commission. It seems to be well settled that on interstate shipments the rates fixed by these tariffs control; and a contract made by an agent on an interstate shipment for a different rate, whether more or less, is void. If the contract had called for a greater rate than the tariff schedule, the defendant would have been legally bound to reduce it so as to conform to the prescribed tariff; and, since it was less, the defendant, as the delivering carrier, was clearly authorized and legally bound to collect the tariff rate on this shipment, and the plaintiff was therefore not entitled to recover the difference between his contract price and the tariff rate. *A., T. & S. F. Ry. Co. v. Bell,* 31 Okla. 238, 120 Pac. 987, 38 L. R. A. (N. S.) 351; *St. L. & S. F. R. Co. v. Walton Chandler Lumber Co.,* 44 Okla. 452, 145 Pac. 340; *T. & P. Ry. Co. v. Mugg;* 202 U. S. 242, 26 Sup. Ct. 628, 50 L. Ed. 1011; *T. & P. Ry. Co. v. Abilene Cotton Oil Co.,* 204 U. S. 426, 27 Sup. Ct. 350, 51 L. Ed. 553, 9 Ann. Cas. 1075; *Armour Packing Co. v. U. S.,* 209 U. S. 56, 28 Sup. Ct. 428, 52 L. Ed. 681.

Under the second count in plaintiff's petition, the undisputed evidence shows: First, that this action was not filed for more than two years after the cause of action

arose, and under condition No. 16 of the contract as above quoted, which has been held to be reasonable and valid as to interstate shipments, this action cannot be maintained. *St. L. & S. F. R. Co. v. Bilby,* 35 Okla. 589, 130 Pac. 1089; *St. L. & S. F. R. Co. v. Zickefoose,* 39 Okla. 302, 130 Pac. 406; *M., K. & T. Ry. Co. v. Walston,* 37 Okla. 517, 135 Pac. 42; *Adams Express Co. v. Croninger,* 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; *M., K. & T. Ry. Co. v. Harriman,* 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690; and numerous other cases.

And the evidence further shows that no notice as required by condition No. 13, above quoted, was ever served. No claim was made by the plaintiff that he ever attempted to comply with this provision of his contract; and this provision, where the shipment is an interstate shipment, has been held to be fair and valid, and a condition precedent to the maintenance of an action for the recovery of damages. *St. L. & S. F. R. Co. v. Phillips,* 17 Okla. 264, 87 Pac. 470; *St. L. & S. F. R. Co. v. Cake,* 25 Okla. 227, 105 Pac. 322; *St. L. & S. F. R. Co. v. Zickefoose,* 39 Okla. 302, 135 Pac. 406; *C., R. I. & P. Ry. Co. v. Conway,* 34 Okla. 356, 125 Pac. 1010; *St. L. & S. F. R. Co. v. Ladd,* 33 Okla. 160, 124 Pac. 461.

Under the state of this case, we can see no reason for remanding it for a new trial.

We therefore recommend that the judgment be reversed, and the cause remanded, with directions to the trial court to dismiss the action.

By the Court: It is so ordered.