## ST. LOUIS & S. F. RY. CO. v. TALIAFERRO.

No. 7694—Opinion Filed Oct. 16, 1917.

(168 Pac. 438.)

**1. Carriers — Interstate Shipment of Live Stock—Notice of Damage—Waiver.**

The provision of a contract for an interstate shipment of live stock, which requires a written notice of damage to be given to the company within one day after delivery and before the stock has been intermingled with other stock, and a failure to give the same shall constitute a bar to any claim for damage, etc., is a reasonable and a valid one, and the same cannot be waived by the company.

**2. Same—Time for Bringing Action.**

The contract of shipment here was made and performed in April, 1913, and this suit was filed in February, 1914, more than six months thereafter. Held, that the provisions of the contract which required all actions for damage to be brought within six months after the cause of action accrued constituted a bar to the same and their defense was a good and a valid one.

(Syllabus by Hooker, C.)

Error from County Court, Marshall County; J. I. Henshaw, Judge.

Suit by W. N. Taliaferro against the St. Louis & San Francisco Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

See, also, 56 Okla. 519, 156 Pac. 359; 58 Okla. 585, 160 Pac. 610.

W. F. Evans, R. A. Kleinschmidt, and E. H. Foster, for plaintiff in error.

Minter & Falkner, for defendant in error.

Opinion by HOOKER, C. This suit was instituted to recover damages for a failure upon the part of the company to transport and deliver a shipment of cattle from Madill, in the state of Oklahoma, to East St. Louis, Ill., in a reasonable time, which shipment is alleged to have been commenced on April 19, 1913, and that by reason of the failure of the company to transport and deliver said cattle within a reasonable time, the plaintiff below suffered damage in the decline of market and extra expense for the care and feed of said cattle while en route; and it is further alleged that one of said cattle was injured in said shipment, caused by the negligent handling of same, and in all plaintiff asked judgment in the court below for the sum of $310.58.

The answer of the company alleges that the cattle in question were accepted by it for transportation under and by virtue of two contracts duly executed between the plaintiff and the company; that the shipments were interstate shipments, and were controlled by the act of Congress of February 4, 1887 (24 Stat. 379, c. 104), known as the Interstate Commerce Act, and the amendments thereto, including the Carmack Amendment of June 29, 1906 (34 Stat. 595, c. 3591, § 7, pars. 11, 12 [U. S. Comp. St. 1916, §§ 8604a, 8604aa]), and that in accordance with the provisions of said contracts it was provided by section 13 thereof that:

"As a condition precedent to recovery of damages for any death, loss, injury, or delay of the live stock, the shipper shall give notice in writing of his claim to some general officer of the company, or the nearest station agent, or the agent at destination, and before the live stock is mingled with other live stock, and within one day after its delivery at destination, so that the claim may be promptly and fully investigated, and a failure to comply with this condition shall be a bar to the recovery of any damages for such death, loss, injury, or delay."

And that by section 16 of said contract it was provided that:

"No suit or action for the recovery of any claim for damages for death, loss, injury or delay of the live stock shall be sustainable, unless begun within six months next after the cause of action shall accrue, and, if begun later, the lapse of time shall be conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

And as a defense thereto it was claimed by the company that the plaintiff below had failed to comply with these provisions of his contracts, and therefore this action for damages could not be maintained by him.

The reply filed here is unverified; hence the contracts stand admitted, as has often been held by this court, and in the recent case of St. L. & S. F. Ry. Co. v. Driggers et al., 65 Okla. 297, 166 Pac. 703, wherein it is held:

"1. Where a written instrument is pleaded as the basis of a defense to a cause of action, an unverified reply does not put in issue the execution of such instrument, and there is no necessity for proving the same on the trial.

"2. The admission of the execution of a written instrument by the pleadings admits them with all of their legal effect that must of necessity follow, and this legal effect is to pass them before the court with all of their contents, terms, conditions, and stipulations expressed therein, and it is unnecessary to introduce them in evidence."

The contracts relied upon here as a defense to this action by the pleadings in this case were admitted to be true. These provisions of the contracts relied upon by the plaintiff in error constitute a valid defense unless it is shown that they have been complied with by the defendant in error.

This court in the case of C., R. I. & P. R. Co. v. Gray et al., 65 Okla. 181, 165 Pac. 157, held:

"Where an action is brought to recover damages upon an interstate shipment of live stock under a written contract containing the provision that, as a condition precedent to the recovery of damages for any loss or injury to or detention of live stock or delay in transportation thereof, a written notice must be given of such damage to a designated representative of the carrier within a day after delivery of the stock at its destination, such provision being reasonable and valid, the failure to give such notice is a complete bar to such action.

"The provision of said contract requiring notice is a condition precedent to the maintenance of an action, and must be substantially complied with by the shipper before he can maintain a cause of action against the carrier, and the carrier cannot waive the terms applicable to the conduct of the shipper, nor can the shipper hold the carrier to a different responsibility from that fixed by the contract, for a different view would antagonize the policy of the act and open the door to the very abuses which the act was aimed to prevent."

The contracts in question were issued under the provisions of the Carmack Amendment to the Interstate Commerce Act, and the limitations therein imposed have been

upheld by the courts so often that their validity is no longer open to controversy. See C., R. I. & P. R. Co. v. Gray et al., supra.

The contracts further provide that no suit or action for the recovery of any claim for damages for death, loss, injury, or delay shall be sustainable unless begun within six months next after the cause of action accrued. The cause of action here accrued on the 21st day of April, 1913, and this case was instituted in the lower court on the 2d day of February, 1914, more than six months after the accrual thereof. Under the law as it then existed the same was barred at the time it was filed and cannot be maintained. See M., K. & T. R. Co. v. Harriman, 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690; Phillips v. Railroad Co., 236 U. S. 662, 35 Sup. Ct. 444, 59 L. Ed. 774; St. L. & S. F. R. Co. v. Pickens, 51 Okla. 455, 151 Pac. 1055. The provisions of said contracts could not be waived by the company. See C., R. I. & P. R. Co. v. Gray et al., supra; G., F. & A. R. Co. v. Blish, 241 U. S. 190, 36 Sup. Ct. 541, 60 L. Ed. 948; Phillips v. Railroad Co., supra.

The defendant in error has furnished us with brief here. Under the authority of the above cases, this cause is reversed and remanded for a new trial.

By the Court: It is so ordered.