**ATCHISON, T. & S. F. RY. CO. v. COOPER.**

No. 8220—Opinion Filed June 11, 1918.

Rehearing Denied Oct. 8, 1918.

(175 Pac. 539.)

(Syllabus.)

1. **Commerce—Rules of Decision— Federal Courts—Rights Under Interstate Shipment.**

The rights and liabilities of the parties to an interstate railway shipment depend upon federal legislation, the contract or bill of lading under which the shipment is made, and common-law rules as accepted and applied in federal tribunals.

2. **Courts—Decision of United States—Supreme Court—Rights of Parties to Interstate Shipment.**

In cases arising in the state courts involving the rights and liabilities of the parties to an interstate railway shipment, the decisions of the Supreme Court of the United States, construing and applying the federal act, are controlling upon the state courts.

3. **Carriers—Interstate Shipment of Live Stock—Notice of Injury—Right of Action.**

Failure to comply with the stipulation in a live stock contract under which an interstate shipment is made, providing in effect that, as a condition precedent to the shipper's right to recover damages for any loss or injury to his stock during the transportation thereof, such shipper, or his agent in charge of the stock, would give notice in writing of his claim therefor to some officer of the company or to the nearest station agent "before such stock shall have been removed from the place of destination * * * or from the place of delivery of the same to the consignee, and before such stock shall have been slaughtered or intermingled with other stock, and will not remove such stock from said station or stockyards until after the expiration of three hours after the giving of such notice, and a failure to comply in every respect with the terms of this clause shall be a complete bar to any recovery of any and all such damages, is, in the absence of special circumstances rendering such stipulation invalid or excusing noncompliance, binding upon the parties thereto, and will be enforced in a court of law, when relied upon as a defense in an action arising under such contract.

4. **Same—Burden of Proof.**

The giving of the written notice of claim being made a condition percedent to a recovery, the burden of proof rests upon the shipper to show that such notice was given within the time provided, when made an issue in the case.

5. **Same—Limitation of Time for Bringing Action—Validity.**

Under the Carmack amendment of June 29, 1906 (34 Stat. 595, c. 3591, U. S. Comp. St. Supp. 1911, p. 1307 [U. S. Comp. St. 1916, §§ 8604a, 8604aa]) § 7, pars. 11 and 12, to Act Feb. 4, 1887 (24 Stat. 386, c. 104) § 20, which furnishes the exclusive rule on the subject of the liability of the carrier under contracts for interstate shipment, a stipulation in a contract for an interstate shipment of live stock, providing that no suit or action against the carrier shall be sustained in any court of law or equity "unless such suit or action shall be commenced within six months next after the loss or damage shall have occurred," and that the failure to institute suit within said time shall be a complete bar to such suit, is a reasonable provision and binding upon the parties to such contract.

Error from District Court, Woodward County; James B. Cullison, Judge.

Action by Sam J. Cooper against the Atchison, Topeka & Santa Fe Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed.

J. B. Cottingham, S. W. Hayes, and George M. Green, for plaintiff in error.

D. P. Marum and E. R. Hastings, for defendant in error.

SHARP, C. J. This case presents error from the district court of Woodward county, and involves the question of the plaintiff's rights to maintain an action to recover damages on account of the alleged negligent acts of the carrier in the transportation and delivery of two interstate shipments of cattle —the first shipment being from Kansas City, Mo., to Woodward, Okla.; the second, from Woodward to Kansas City. The damages to the Woodward shipment were claimed to have resulted directly from the negligence of the carrier in unloading plaintiff's cattle in its pens at Waynoka, which pens were at the time infected with the disease known as "scabies," and by reason of which negligent act plaintiff's cattle contracted the "scabies" and also a disease commonly known as "pink eye." The damages to the Kansas City shipment were on account of the shrinkage in the cattle and decline in the market price, caused by the alleged unreasonable delay in their transportation to the Kansas City market. The shipment from Kansas City to Woodward was covered by a live

stock contract, paragraph 8 of which provided:

"In order that any loss or damages to be claimed by the shipper may be fully and fairly investigated, and the fact and nature of such claim or loss preserved beyond dispute and by the best evidence, it is agreed that as a condition precedent to his right to recover any damages for any loss or injury to his said stock during the transportation thereof, or at any place or places where the same may be loaded or unloaded for any purpose on the company's road, or previous to loading thereof for shipment, the shipper or his agent in charge of the stock will give notice in writing of his claim therefor to some officer of said company, or to the nearest station agent, or, if delivered to consignee at a point beyond the company's road, to the nearest station agent of the last carrier making such delivery, before such stock shall have been removed from the place of destination above mentioned, or from the place of delivery of the same to the consignee, and before such stock shall have been slaughtered or intermingled with other stock, and will not move such stock from said station or stockyards until the expiration of three hours after the giving of such notice, and a failure to comply in every respect with the terms of this clause shall be a complete bar to any recovery of any and all such damages. The written notice herein provided for cannot and shall not be waived by any person, except a general officer of the company, and he only in writing."

This provision of the contract the carrier charged in its answer the plaintiff had wholly failed to comply with. The execution of the contract was not put in issue, but, on the other hand, was set up by plaintiff, and a copy thereof attached as an exhibit to his petition. In answer to the claim of the company that no recovery could be had, because of the shipper's failure to give notice in the manner and within the time provided in the contract, plaintiff answered as we understand, by charging that the company had notice of the claim in writing, though the principal argument seems to rest upon the assumption that the burden of proof was upon the carrier to prove that no notice in fact had been served upon it. We have read the record with considerable care, and fail to find that written notice was served on the carrier until several days after the delivery of the cattle at Woodward, the point of destination. In reaching this conclusion we assume that claim in writing was made on December 17, 1913, from certain correspondence had between the live stock agent of the company and the plaintiff in April following. The claim itself is not in the record. The cattle were delivered to the shipper at Woodward on either December 12th or 13th. Ac-

cepting the statement in the letter of the livestock agent as evidence that written notice was given, it is quite clear that it was not given within the time required in the contract. We assume, however, that the plaintiff does not rely upon this notice as sufficient to meet the requirement, but upon the legal proposition that it was incumbent upon the company to establish a noncompliance with the terms of the contract by affirmative proof. This, we say, in view of the following statement in the brief of the defendant in error:

"The presumption of law will be that if notice were required that it was given, and the fact as to whether or not it was given is a defensive fact, and want of notice must be proved by the plaintiff in error, who was the defendant below. They have in their possession all the files and facts regulating and controlling this shipment of cattle, and, had the notice not been given, it would have been an easy matter for them to have introduced proof of that fact, which they failed to do."

Counsel cite in support of their contention, the following cases: Texas & P. Ry. Co. v. Reeves, 15 Tex. Civ. App. 157, 39 S. W. 135; Western Union Tel. Co. v. Jackson, 19 Tex. Civ. App. 273, 46 S. W. 279; St. Louis S. W. Ry. Co. v. Johnson, 38 Tex. Civ. App. 322, 85 S. W. 476; Texas & P. Ry. Co. v. Crowley (not officially reported) 86 S. W. 342. The cases are not in any sense controlling upon this court, and besides are based mainly upon a statute of the state of Texas passed March 4, 1891 (Rev. Stat. 1895, art. 3379), placing the burden of proof upon the issue of notice on the carrier.

The rule that the burden of proof rests upon the shipper, and not upon the company, where the execution of the contract stands admitted, is well established in this state, as will be found from an examination of the authorities cited and reviewed in C., R. I. & P. Ry. Co. v. Conway, 34 Okla. 356, 125 Pac. 1110. There is no occasion to add to what has heretofore been said upon this subject, as we can conceive of no reason why a rule so long recognized and followed and so very generally supported by the authorities should be changed.

The validity of the limitations upon the company's liability imposed by section 8 of the live stock contract as to interstate shipments is a federal question, to be determined by the common law, and, as such, is withdrawn from the field of state law or legislation. Adams Exp. Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; Missouri, K. & T. Ry. Co. v. Harrison Bros., 227 U. S. 657, 33

Sup. Ct. 397, 57 L. Ed. 690. This is the result of the passage by Congress of an act commonly known as the Carmack amendment of June 29, 1906 (34 Stat. 595, c. 3591, U. S. Comp. St. Supp. 1911, p. 1307) § 7, pars. 11 and 12, to the act of February 4, 1887 (24 Stat. 386, c. 104) § 20 (U. S. Comp. St. 1916, §§ 8604a, 8604aa). The act supersedes the state laws or policy nullifying contracts limiting the liability of a carrier for loss or damage, so far as interstate shipments are concerned. The law is now firmly established that the federal act as amended furnishes the exclusive rule on the subject of the liability of a carrier under contracts for interstate shipments. In such circumstances it is but our plain duty to follow the rule of decisions announced by the federal courts involving the federal statutes. Missouri, K. & T. Ry. Co. v. Walston, 37 Okla. 517, 133 Pac. 42; St. L. & S. F. R. Co., v. Zickafoose, 39 Okla. 302, 135 Pac. 406; 6 Am. Neg. & Com. Ann. Cas. 717; Cincinnati, N. O. & T. P. R. Co. v. Rankin, 241 U. S. 319, 36 Sup. Ct. 555, 60 L. Ed. 1022, L. R. A. 1917A, 265.

That the provision requiring written notice within a limited time is reasonable, and will in the absence of special circumstances be upheld, has repeatedly been held by the decisions of this court (St. L. & S. F. R. Co. v. Phillips, 17 Okla. 264, 87 Pac. 470; St. L. & S. F. R. Co. v. Cake, 25 Okla. 227, 105 Pac. 322; St. L. & S. F. R. Co. v. Ladd, 33 Okla. 160, 124 Pac. 461; C., R. I. & P. Ry. Co. v. Craig, 59 Okla. 18, 157 Pac. 87; C., R. I. & P. Co., v. Parsons, 62 Okla. 290, 162 Pac. 955; C., R. I. & P. Ry. Co, v. Gray, 65 Okla. 181, 165 Pac. 157; St. L. & S. F. R. Co. v. Talliaferro, 66 Okla. 121, 168 Pac. 438; C., R. I. & P. Ry. Co. v. McElreath, 69 Okla. 9, 169 Pac 628, L. R. A. 1918C, 425), as well as in other cases. This rule we have announced, in view of the decisions of the Supreme Court of the United States upholding the right of the carrier by special contract to limit its liability, provided the limitation is just and reasonable, and does not exempt such carrier from loss or responsibility due to negligence. Southern Exp. Co. v. Caldwell, 21 Wall. 264, 22 L. Ed. 556; Hart v. Penn. R. Co., 122 U. S. 331, 5 Sup. Ct. 151, 28 L, Ed, 717; Adams Exp. Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; Missouri, K. & T. Ry. Co. v. Harriman Brothers, supra

In Northern Pacific Ry. Co. v. Wall, 241 U. S. 87, 36 Sup. Ct. 493, 60 L. Ed. 905, the Supreme Court dealt with a requirement of a bill of lading that the shipper must, as a condition precedent to his right of recovery for injuries to cattle in transit, give notice in writing to some officer or agent of the initial carrier before the cattle were removed from the place of destination, and held that such requirement must be complied with by giving notice to the agent of the delivering carrier, as the Carmack amendment made such carrier, for the purpose of notice, the agent of the initial carrier. In Georgia F. & A. R. Co. v. Blish Milling Co., 241 U. S. 190, 36 Sup. Ct. 541, 60 L. Ed. 948, it was held that a stipulation requiring written notice of a claim for damages was complied with when the notice in writing was given by telegram within the time named in the bill of lading. In Chesapeake & O. R. Co. v. McLaughlin, 242 U. S. 142, 37 Sup. Ct. 40, 61 L. Ed. 207, the live stock contract under which the shipment was made provided that no claim for damages, which should accrue to the shipper under the contract, should be allowed or paid by the carrier, or sued for in any court by the shipper, unless claim for such loss or damage should be made in writing, verified by affidavit of the shipper or his agent, and delivered to the general claim agent of the carrier at his office in Richmond, Va., within 5 days from the time the stock was removed from the cars. It was held that the contract on its face was unobjectionable, and that there was nothing in the record tending to establish circumstances rendering it invalid, or excusing the failure to comply therewith. In St. L., I. M. & S. Ry. Co. v. Starbird, 243 U. S. 592, 37 Sup. Ct. 462, 61 L. Ed. 917, a stipulation in a through bill of lading for an interstate shipment of peaches, which provided that the carrier issuing the bill of lading should not be liable for damage unless a claim therefor was reported by the consignee in writing to the terminal carrier within 36 hours after the consignee had been notified of the arrival of the freight at the place of delivery, was held valid and not unreasonable. It was also held in the Starbird Case that the failure to comply with the requirement of the stipulation was not excused, where the terminal carrier had a freight agent at the place of delivery in charge of the docks upon which the shipment was delivered, by virtue of the giving of verbal notice of the bad condition of the shipment to the terminal carrier's dock master, or because of the knowledge of such conditions by longshoremen working on the docks. The opinion adversely answers any contention in the present case based upon the fact that the station agent at Waynoka or other agent of the company knew of the condition of plaintiff's cattle. Such knowledge was not the equivalent, nor did it answer the purpose, of a compliance with the provisions of the contract requiring notice

in writing of the shipper's claim of damages.

Upon the item of damages for shrinkage of weight and decline in the market on account of the shipment from Woodward to Kansas City, the record discloses that the contract was dated October 25, 1913, and that the cattle reached the market October 27th. Plaintiff's action was not filed until May 4, 1914, or more than 6 months next after the loss was sustained. By the contract under which the cattle were transported to market, it was provided in the ninth paragraph thereof as follows:

"It is further agreed that no suit or action against the company for the recovery of any damages accruing or arising out of said shipment or of any contract pertaining to the same, or the furnishing of facilities for such shipment, shall be sustained in any court of law or equity unless such suit or action shall be commenced within 6 months next after the loss or damage shall have occurred. The failure to institute suit within said time shall be deemed conclusive evidence against the validity of such claim or cause of action, and shall be a complete bar to such suit."

This paragraph of the contract the company pleaded in bar of recovery. There is nothing in the act of Congress controlling the liability of the parties to an interstate shipment which forbids them from providing for a shorter period than the statutory period of limitation, in which the shipper may bring an action for loss sustained, provided the time is not unreasonably short. It was so held in Missouri, K. & T. Ry. Co. v. Harriman Bros., 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690, which opinion has been followed by this court in St. L. & S. F. R. Co. v. Pickens, 51 Okla. 455, 151 Pac. 1055; C., R. I. & P. R. Co. v. Paden, 63 Okla. 51. 162 Pac. 727, and St. L. & S. F. R. Co. v. Taliaferro, 66 Okla. 121, 168 Pac. 438. We are not prepared to say as a matter of law that the 6 months given plaintiff in which to bring suit as provided in the bill of lading did not afford him sufficient time in which to bring his action. It should be observed that this case arose before the passage of the act of Congress approved March 4, 1915 (38 Stat. 1196, c. 176 [U. S. Comp. St. 1916, § 8604a]), providing, among other things, that it should be unlawful for any common carrier in cases arising within the act—

"to provide by rule, contract, regulation or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months and for the institution of suits than two years."

Because of plaintiff's failure to comply with the terms of his contract in the respects to which we have called attention, the judgment of the trial court is reversed.

All the Justices concurring.