## ST. LOUIS, I. M. & S RY. CO. v. BENTLEY.

No. 8881—Opinion Filed Nov. 19, 1918.

(176 Pac. 250.)

(Syllabus.)

### 1. Commerce—Interstate Shipment—Rights and Liabilities of the Parties.

The rights and liabilities of the parties to an interstate railway shipment depend upon federal legislation, the contract or bill of lading under which the shipment is made, and common-law rules as accepted and applied in federal tribunals.

### 2. Courts—Rule of Decision—Decisions of United States Supreme Court.

In cases arising in the state courts involving the rights and liabilities of the parties to an interstate railway shipment, the decisions of the Supreme Court of the United States, construing and applying the federal act, are controlling upon the state courts.

### 3. Carriers—Interstate Shipment — Limitation of Actions—Carmack Amendment.

Under the Carmack Amendment of June 29, 1906 (34 Stat. 593, c. 3591; U. S. Comp. Stat. Supp. 1911, p. 1304) sec. 7, pars. 11, 12 to Act Feb. 4, 1887 (24 Stat. 386. c. 104) § 20, which furnishes the exclusive rule on the subject of the liability of the carrier under contracts for interstate shipment, a stipulation in a contract for an interstate shipment of live stock, providing that no suit or action against the carrier for loss, damage, or delay to or of the live stock shipped under the contract, shall be sustainable in any court of law or equity, "unless such suit or action is commenced within six months next after the cause of action shall occur," is a reasonable provision, and binding upon the parties to such contract.

Error from County Court, Rogers County; Edward Jordan, Judge.

Action by R. T. Bentley against the St. Louis, Iron Mountain & Southern Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions to dismiss petition.

Thomas B. Pryor and W. L. Curtis, for plaintiff in error.

John M. Goldesberry, for defendant in error.

SHARP, C. J. On April 14, 1915. plaintiff, R. T. Bentley, filed an action in the county court of Rogers county for the recovery of damages to a carload of cattle transported from Morrell. Ark.. to Claremore, Okla. on April 25, 1913. The contract under which the cattle were shipped contained the following provision:

"That no suit or action against the first party for loss. damage, or delay to or of the live stock shipped under this contract, shall be sustainable in any court of law or equity, unless such suit or action is commenced within six months next after the cause of action shall occur, and should any suit or action be commenced against the first party after the expiration of six months. the lapse of time shall be constituted conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

This paragraph of the shipping contract the company pleaded in bar of a recovery. The defense interposed should have been sustained by the trial court. The Carmack Amendment of June 29 1906 (34 Stat. 593. c. 3591 : U. S. Comp. Stat. Supp. 1911. p. 1304) § 7, par. 11. 12, to Act Feb. 4. 1887 (24 Stat. 386, c. 104) § 20, furnishes the ex-

clusive rule on the subject of liability of the carrier under contracts for interstate shipments. Where a contract for the shipment of live stock provides that no suit or action against the carrier shall be sustained in any court of law or equity, "unless such suit or action is commenced within six months next after the cause of action shall occur," the failure to institute an action within such time is, in the absence of special circumstances rendering such stipulation invalid, or excusing noncompliance, a reasonable provision and binding upon the parties to it. It was so held in Missouri, K. & T. Ry. Co. v. Harriman Bros., 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690, which opinion has been followed by this court in St. Louis & S. F. R. Co. v. Pickens, 51 Okla. 455, 151 Pac 1055; Chicago, R. I. & P. Ry. Co. v. Paden, 63 Okla. 51, 162 Pac. 727; St. Louis & S . F. R. Co. v. Taliaferro, 66 Okla. 121. 168 Pac. 438; Atchison, T. & S. F. Ry. Co. v. Coone, 71 Okla. 112. 175 Pac. 539. We are not prepared to say as a matter of law that the six months given plaintiff in the above-mentioned paragraph of the bill of lading did not afford him sufficient time in which to bring his action.

It will be noted that this case arose before the passage of the act of Congress approved March 4, 1915 (38 Stat. 1196, c. 176), providing, among other things, that it should be unlawful for any common carrier, in cases arising within the act, "to provide by rule, contract, regulation or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months and for the institution of suits than two years."

The judgment of the trial court is reversed, and the cause remanded, with instructions to dismiss the petition.