**PANHANDLE & S. F. CO. v. REED.**
**(No. 184.)**

(Court of Civil Appeals of Texas. Waco.
May 14, 1925. Rehearing Denied
June 11, 1925.)

**1. Damages ⬥144—Party seeking recovery for time lost, occasioned by injury, must plead and prove facts sufficient, in support thereof, for jury to arrive at verdict.**

Party seeking recovery for time lost, occasioned by injury, must plead and prove facts sufficient, in support thereof, for jury to arrive at verdict.

**2. Damages ⬥216(8)—Instruction authorizing recovery for time lost and diminished earning capacity held reversible error as being without evidentiary support.**

Instruction authorizing recovery for time lost and diminished earning capacity held, reversible error as being without evidentiary support.

**3. Damages ⬥186—Evidence held insufficient to show worth of time lost through injury.**

Evidence that plaintiff made "lots of money" before the injury, and had not made so much since, held, not sufficient to show the worth of the time he lost by reason of the injury.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by E. B. Reed against the Panhandle & Santa Fé Railway Company and the Gulf, Colorado & Santa Fé Railway Company. Judgment against plaintiff as to second named defendant, and in his favor as to first named defendant, which appeals. Affirmed as to second named defendant, and reversed and remanded as to first named defendant.

Terry, Cavin & Mills and C. L. Barrow, all of Galveston, and Nat Harris, of Waco, for appellant.

Johnston & Hughes and Weatherby & Rogers, all of Waco, for appellee.

BARCUS, J. This suit was filed by appellee, seeking to recover damages against appellant and the Gulf, Colorado & Santa Fé Railway Company, which he claimed he suffered by an injury which he received at Slaton, Tex., while alighting from a passenger train of appellant. He alleged that in alighting from the train he stepped on the footstool, which turned and threw him on the brick platform, and as a result his kneecap was broken. Appellee alleged that he was about 50 years of age, a stout, robust, healthy man, and was engaged in running a road carnival show, which employed 150 men and required 13 cars to transport, and at the time of the injury he was on his way to Plainview, where his show was in opera-

tion. He alleged that since his injury he had suffered great pain, and that he was permanently injured; that he had lost 3 months' time from his business, and had been so handicapped, by reason of the injury, as to cause him great financial losses in his business; that he would continue to suffer said handicap by reason of said injury, and would continue to suffer pain the remainder of his life; that prior to his injuries he earned an average of $5,000 to $10,000 per year, but since said injuries he had not been able to properly manage his shows, and had not earned over an average of $1,000 per year. He prayed for $20,000 damages. Appellant answered by general demurrer, some special exceptions, general denial, and contributory negligence. The trial court sustained a general demurrer to appellee's alleged cause of action against the Gulf, Colorado & Santa Fé Railway Company, to which there is no complaint, and submitted the issues between appellant and appellee to the jury on a general charge. On the jury's verdict, the court rendered judgment for appellee against appellant for $9,000.

The trial court instructed the jury that if they found for the plaintiff, in ascertaining the amount of his damages—

"You may take into consideration any loss of time, if any, and any physical pain and suffering, if any, you may believe from the evidence plaintiff has undergone or sustained in the past on account of his injuries, if any, and, if you believe from the evidence that he has not at this time recovered from his injuries, if any, you may also take into consideration any physical pain or suffering, if any, and any diminished capacity to earn a livelihood, if any, that you may believe from the evidence he will undergo or sustain in the future."

[1, 2] Appellant objected to the above charge because there was no evidence to support a finding as to the value of the time lost, and because there was no evidence by which the jury could reach a just verdict with reference thereto, and assigns error to the trial court's overruling said exception. We sustain this assignment. Before a party is entitled to recover for time lost, occasioned by an injury, it is necessary for him to both allege facts and offer testimony in support thereof sufficient for the jury to arrive at a verdict. Appellee alleged that he had lost 3 months' time, and that his earning capacity had been reduced. We have carefully examined the statement of facts, and there is nothing contained therein which in any way gives any facts from which a jury could draw an intelligent conclusion as to the value of the time which appellee claimed he lost, or the extent to which his earning capacity had been reduced.

The appellee's testimony is that he was running a carnival show; that he remained

with same; that for the first 3 weeks after the injury he walked on crutches, and then for the first time discovered his kneecap was actually broken; that the doctor then placed his leg in plaster paris, where it was kept for 3 or 4 weeks, and during said time he was confined to his bed in his show car; that thereafter he walked with a cane for approximately a year, and at the time of trial, which was about 3 years after the injury, he was able to straighten his leg and use same as well as the other, except that in damp weather it hurt, and that he was not able to lift as heavy load as formerly. He testified that he had in his show about 150 people, and that it was his duty to look after them; that his show, when in operation, covered about 300 feet square of territory, in a horseshoe shape; that up to the year he was hurt he made "lots of money" with his show, and since said time he had earned less on account of not being able to stay with it like he did, and that he was trying to sell it; that he thought one reason he had not been making as much was because he could not attend to his business.

The above is the only testimony as to the earnings of appellee, or as to the value of his time and services. He testified that his carnival show continued to operate, and that he continued to accompany them in all of their engagements. There is nothing in the record to show the value of the time lost by appellee, or any damage by reason thereof. As was said by the Supreme Court in I. & G. N. Ry. Co. v. Simcock, 81 Tex. 503, 17 S. W. 47:

"In the absence of such evidence, we are constrained to hold that the court erred in instructing the jury to consider, in estimating the damages, the time lost by appellee up to the filing of the suit. The rule is that, even where the law implies damages such as necessarily result from a wrongful act complained of, proof is required to show the extent and amount of damages."

By reason of said charge, that cause was reversed, and this ruling has been followed by our courts from said time. G. H. & S. A. Ry. Co. v. Thornsberry (Tex. Sup.) 17 S. W. 521; T. & P. R. Co. v. Bigham (Tex. Civ. App.) 30 S. W. 254; H. & T. C. R. Co. v. Bird (Tex. Civ. App.) 48 S. W. 756; I. & G. N. R. Co. v. Branch (Tex. Civ. App.) 56 S. W. 542; St. L. S. W. R. Co. v. Johnson, 38 Tex. Civ. App. 322, 85 S. W. 476; St. L. S. W. R. Co. v. Acker, 44 Tex. Civ. App. 560, 99 S. W. 121; El Paso & N. E. R. Co. v. Sawyer, 56 Tex. Civ. App. 195, 119 S. W. 107; Ft. W. & D. C. R. Co. v. Brown (Tex. Civ. App.) 205 S. W. 378; Hartford Fire Ins. Co. v. G. H. & S. A. R. Co. (Tex. Com. App.) 239 S. W. 919; Pennsylvania Co. v. Scofield, 121 F. 814, 58 C. C. A. 176; Slaughter v. Metropolitan Ry., 116 Mo. 269, 23 S. W. 760; 17

C. J. 896; T. & P. R. Co. v. Goldman (Tex. Civ. App.) 51 S. W. 275.

The following is the rule as stated in 17 Corpus Juris, p. 896:

"There is no distinction between loss of earnings and loss of time as to the necessity of proof of their value. In either case such proof is ordinarily essential to support a recovery. But, where plaintiff is engaged in such a business that there is no rule by which the value of the time lost from it may be well ascertained, the jury may in their discretion, from all the facts before them, award an amount sufficient as reasonable compensation for the time lost."

[3] We have not found a case which authorizes the jury to award damages for the loss of time when there is no proof of the earning capacity of the injured party, and no proof of what his business was producing, or what he was or had earned, or the amount of capital invested, or when, as in this case, no facts are given from which a jury could draw any conclusion as to the value of appellee's time. The fact that he testified he made "lots of money" before the injury and had not made so much since is not a sufficient basis to form any conclusion as to what his lost time was worth. The term used is vague, uncertain, and very indefinite. There is no evidence that appellee was required to employ any one to superintend his shows, or that he did not continue to superintend them, no evidence that his carnival show did not take in as much money during his confinement to his car as it did thereafter or before, in fact, no state of facts from which a jury would be justified in arriving at any kind of value to be placed on appellee's time that he testified he lost.

The judgment of the trial court, in so far as same affects the Gulf, Colorado & Santa Fé Railway Company, is affirmed. For the error indicated, the judgment of the trial court as between appellant and appellee is reversed, and the cause remanded.